David M. Malone, Esq. City Attorney, Little Falls
You have asked whether a conflict of interest results if a member of the city council also serves as an employee of the city's recreation commission. According to your letter, the members of the recreation commission are appointed by the mayor. The recreation commission is responsible for hiring its employees and for setting their salaries. All expenses of the recreation commission are part of the city budget which is approved by the city council.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
Under the facts you have described, we see no basis for a finding of incompatibility. The functions and duties of the two positions appear to be compatible. Nor do we believe that one position is subordinate to the other. Employees of the recreation commission are hired by the commission whose members are appointed by the mayor. This insulates the city council from administrative decisions concerning personnel of the recreation commission. Even though the city council, in effect, approves salaries of commission employees as part of the budgetary process, this alone in our view is not enough to establish incompatibility. By necessity members of the city council must approve their own salaries.
We conclude that in the City of Little Falls one person may serve simultaneously as a member of the city council and as an employee of the recreation commission.